UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00172-RJC-DSC

| | |
|---|---|
| FBA OPERATING CO., <br><br>Plaintiff, <br><br>v. <br><br>KOHREE LLC, <br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on Defendant Kohree LLC's ("Kohree") Motion to Set Aside Clerk's Entry of Default and corresponding memorandum pursuant to Federal Rule of Civil Procedure 55(c). (DEs 9, 10). The Court has also considered Plaintiff FBA Operation Company's ("FBA") Response in Opposition. (DE 17). This matter is now ripe and ready for the Court's decision.

## I.   BACKGROUND

FBA filed its Complaint against Kohree on April 19, 2022 asserting claims of patent infringement. (DE 1). FBA attempted to serve a summons on Kohree on three separate occasions: once on April 21 through certified mail, once on May 9 through a third-party process server, and again on May 17 through service via the North Carolina Secretary of State. (DE 17 at 1-2). Kohree argues that the first attempt at service was ineffective because the April 21 certified mail was not properly addressed to Kohree's Registered Agent, Mr. Xiao Liu, leading the receptionist to mark the package "RETURN TO SENDER / REFUSED", and the second attempt using personal service on May 9 was ineffective because Mr. Liu was in China at the time. (DE 10 at 3-4). Kohree

1

argues that FBA's service via the Secretary of State was improper because it did not exercise due diligence in finding Mr. Liu before resorting to substituted service of process. (*Id.* at 9-10).

FBA filed a Motion for Entry of Default on June 10, 2022, twenty-four days after its third attempt to effectuate service on Kohree through the Secretary of State. (DE 7). The Clerk made the Entry of Default on June 13, 2022. (DE 8). Kohree alleges that it first learned of the attempted service of process and the entry of default on June 17, and promptly filed its now pending Motion to Set Aside Clerk's Entry of Default on June 29. (DE 10). In its motion, Kohree argues that the entry of default should be set aside because (1) FBA did not properly serve Kohree, leading Kohree to be unaware of the impending litigation until after default was entered, and (2) there is otherwise good cause to set aside the entry of default. (*Id.*). In its response, FBA argues that Kohree purposely evaded its attempt at service, but proper service was ultimately obtained through service upon the North Carolina Secretary of State, and that there is not good cause to set aside default. (DE 17).

**II.     Legal Standard**

Rule 55(a) of the Federal Rules of Civil Procedure states that when a defendant fails to plead or otherwise defend his case, "the clerk must enter the [defendant] party's default." FED. R. CIV. P. 55(a). After the clerk enters a default, the party may seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Default judgments are generally disfavored in the Fourth Circuit. *See, e.g.*, *Tazco, Inc. v. Dir., OWCP*, 895 F.2d 949, 950 (4th Cir. 1990).

Rule 55(c) further explains that "[t]he court may set aside entry of default for good cause." FED R. CIV. P. 55(c). A district court has broad discretion in deciding whether to set aside a Clerk's

2

Case 3:22-cv-00172-RJC-DSC    Document 22    Filed 08/09/22    Page 2 of 7

entry of default. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (holding "[t]he disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."). Indeed, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

The Fourth Circuit noted several factors for district courts to consider in deciding whether to set aside default entries for good cause, including: (1) "whether the moving party has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

### III. DISCUSSION

Both parties argue whether good cause exists under Rule 55(c) to set aside the entry of default based on the factors set out immediately above. (DEs 10, 17). Accordingly, each factor will be analyzed in turn and weighed to determine if good cause exists.

#### A. Meritorious Defense

Kohree argues that "while this case is in its infancy . . . Kohree already has multiple meritorious defenses . . . including: i) a Rule 12(b) Motion for failure to state a plausible claim for either direct or indirect infringement, ii) a noninfringement defense, and iii) an invalidity defense." (DE 10 at 13). FBA does not object to this contention. (DE 17).

A meritorious defense can be established if "there is some possibility that the outcome… after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass*

3

*Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (internal citations omitted). Here, if Kohree is successful in any three of these arguments, the outcome of the case would be different than the result achieved by a default judgment. Accordingly, this factor weighs in favor of the Defendant.

### B. Reasonable Promptness

Kohree argues that it acted with reasonable promptness by filing its Motion to Set Aside Entry of Default a mere 12 days (or 7 business days) after learning about the entry of default. (DE 10 at 11). As support, Kohree cites to multiple cases in which longer time frames were considered reasonably prompt, ranging from two weeks to forty-nine days. (DE 10 at 12); *see Augusta*, 843 F.2d at 812; *United States v. Stover*, No. 3:20-cv-00579-RJC-DCK, 2021 WL 3745034 at *3 (W.D.N.C. Aug. 24, 2021). FBA argues that Kohree did not act with reasonable promptness, pointing to the fact that Defendant did not file this Motion until two months after FBA's first attempt at service. (DE 17 at 6).

To determine whether a party acted with reasonable promptness, that party's actions must be "gauged in light of the facts and circumstances of each occasion." *Moradi*, 673 F.2d at 727. Here, Kohree argues that it was improperly served, and consequently had no knowledge of FBA's attempt to effectuate service until default was already entered. (DE 10). Four days after learning of entry of default, Kohree reached out to FBA's counsel to express that Kohree was represented by counsel and that it intended to participate in the litigation. (*Id.*). Kohree then promptly filed the instant motion. Moreover, the general timeframe in the instant case falls within other similar cases that found there was reasonable promptness. Accordingly, this factor weighs in favor of Defendant.

4

### C. Personal Responsibility of Defendant

Kohree alleges that FBA, rather than itself, is at fault for Kohree's untimely response to the Complaint due to FBA's defective service of process, including FBA's failure to name Kohree's agent, Mr. Xiao Liu, on the certified mail summons. (DE 10 at 18-19). FBA disagrees and contends that Kohree is responsible for not receiving the summons due to its failure to name a new registered agent when Mr. Liu was out of the country. (DE 17 at 7).

This Court acknowledges that Kohree could have gone the extra mile and registered a new agent while Mr. Liu was temporarily out of the country to ensure that Kohree could receive a summons in his absence. However, this Court finds that sustaining the entry of default would be a disproportionately harsh result when it appears that Kohree was unaware of Plaintiff's attempts at service. And there are no facts to demonstrate that Kohree intentionally tried to evade FBA's service. Therefore, this factor is neutral.

### D. Prejudice to Plaintiff

FBA argues that it will suffer prejudice if the entry of default is vacated because relevant evidence needed to prosecute this case is located overseas in China, which may have been tampered with since default was entered. (DE 17 at 7). FBA also argues that it was prejudiced by spending resources. (*Id.*) Kohree argues that no prejudice will occur if this case proceeds on the merits. (DE 10 at 20).

Prejudice exists if circumstances have changed since the entry of default so as to materially impair Plaintiff's ability to litigate its claims. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (finding prejudice may exist where the delay renders unavailable, for example, a witness's testimony, presentation of evidence, or records). Although FBA alleges that evidence could have hypothetically been tampered with overseas, this is purely speculative, and FBA has

failed to show how it suffered any concrete evidentiary burdens resulting from default at this early stage in litigation. And FBA's resources in drafting a single motion and opposition do not rise to the level of prejudicial. Accordingly, this factor weighs in favor of Defendant.

### E. History of Dilatory Action

Kohree argues that it has no history of dilatory action and is willing to proceed in this case on the merits. (DE 10 at 12). FBA argues that Kohree has engaged in dilatory activity by failing to comply with North Carolina Statute Chapter 55D governing service on entities, resulting in a delay with the case going forward. (DE 17 at 6-7). The Court is not convinced that Defendant's failure to register a new agent while Mr. Liu was overseas was a dilatory tactic. Regardless, there is no history of dilatory action in the present case. Therefore, this factor weighs in Defendant's favor.

### F. Less Drastic Sanctions

Kohree argues that an entry of default is the most severe sanction that could be imposed, and it is disproportionately harsh since it had no formal notice of the action. (DE 10 at 20). FBA does not oppose Kohree's position on this factor. (DE 17 at 8). This Court agrees that less drastic sanctions exist than a default judgement. Accordingly, this factor weighs in the Defendant's favor.

In sum, the weight of the factors show there is good cause to set aside the Clerk's entry of default under Rule 55(c).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Set Aside Entry of Default, (DE 9), is **GRANTED**; and
2. Each Party's respective request for attorneys' fees is **DENIED.**

6

Signed: August 8, 2022

Robert J. Conrad, Jr.
United States District Judge